UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                   Case No.  10-79371-ast

Richard Ebbrecht,                               Chapter 7

                                Debtors.
-------------------------------------------------------X

## MEMORANDUM OPINION ON DEBTOR'S
## REAFFIRMATION AGREEMENT FOR AN AUTOMOBILE LEASE

Pending before the Court in the above referenced chapter 7 case is a document titled Reaffirmation Agreement ("Reaffirmation Agreement") between Debtor Richard Ebbrecht ("Debtor") and Creditor BMW Financial Services NA, LLC ("BMW"), purportedly filed pursuant to Section 524 of the Bankruptcy Code.[1] [dkt items 16, 21]  The property described in the Reaffirmation Agreement is a 2008 BMW automobile, which the parties state is the subject of a lease ("Lease") between Debtor and BMW.  The parties seek this Court's approval of the Reaffirmation Agreement.  No opposition or response to the Reaffirmation Agreement has been filed, nor did either party to the Reaffirmation Agreement appear at the hearing scheduled by the Court to consider approval of the agreement.[2]   However, given the Court's concerns and recent jurisprudence within this District regarding reaffirmation agreements, the Court has determined, *sua sponte*,[3]  to address whether it has authority to approve reaffirmation agreements when the

---

[1] Throughout this Memorandum Opinion, all statutory references to the Bankruptcy Code are under Title 11 of the United States Code, §§ 101-1532, unless otherwise indicated.

[2] As discussed below, a hearing to consider approval of the Reaffirmation Agreement was scheduled by the Court following review of the Reaffirmation Agreement.

[3] Bankruptcy Code Section 105(a) permits this Court to raise, *sua sponte*, the question of whether to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a).

Memorandum Opinion-p. 1


property at issue is subject to a personal property lease. The Court finds that the Bankruptcy Code allows for a personal property lease to be assumed by a chapter 7 debtor under Section 365(p)(1), but not reaffirmed under Section 524. Therefore, for the reasons set forth below, the Court denies approval of the Reaffirmation Agreement.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b)(2)(A) and (O) and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of facts and conclusions of law to the extent Rule 7052 of the Federal Rules of Bankruptcy Procedure so requires. FED. R. BANKR. P. 7052.

## Background

On December 1, 2010, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code ("Petition"). [dkt item 1] On his Schedule B, Debtor lists a "2008 BMW auto (leased)" with a current value of $3,000.00. Schedule G lists the Lease as being with "BMW." [dkt item 1] On the Chapter 7 Individual Debtor's Statement of Intention, Debtor checked the box indicating that the Lease with BMW will be assumed pursuant to 11 U.S.C. § 365(p)(2).

On December 1, 2010, Richard L. Stern, Esq. was appointed and has duly qualified to serve as the Chapter 7 trustee ("Trustee") of Debtor's case. A Chapter 7 Trustee's Report of No Distribution was filed by the Trustee on February 9, 2011.

On February 23, 2011, BMW filed the Reaffirmation Agreement. [dkt item 16] Upon the filing of the Reaffirmation Agreement, the Court conducted a review of the Reaffirmation Agreement. Upon review, the Court noted that the subject matter of the Reaffirmation Agreement

was the Lease between Debtor and BMW. A hearing was then scheduled to consider approval of the Reaffirmation Agreement, in light of the Court's concern that a reaffirmation agreement may not be the proper vehicle for a debtor to maintain his rights and burdens under a car lease, and that such an agreement might more properly be considered under the more specific Bankruptcy Code Section 365(p). The Court scheduled the Reaffirmation Agreement for a hearing for March 22, 2011, at 9:15 a.m. ("Hearing"). [dkt item 17] It should be noted that the Notice of Hearing on Reaffirmation Agreement states: "The debtor's attendance at the hearing is required. Failure by the debtor to appear will result in the disapproval by the court of the subject agreements(s)."

On March 21, 2011, Debtor filed an amended reaffirmation agreement, which is not materially different from the Reaffirmation Agreement. [dkt item 21] For purposes of this opinion, the amended reaffirmation agreement and the Reaffirmation Agreement shall be collectively referred to as the "Reaffirmation Agreement."

On March 22, 2011, the Court held the Hearing, and neither Debtor nor Debtor's counsel appeared. In addition, no one appeared on behalf of BMW. At the conclusion of the Hearing, the Court took the matter under submission.

## Legal Analysis

*Reaffirmation Agreements*

Because the Lease has been brought before the Court using the established procedures for consideration of a reaffirmation agreement, the Court will begin its analysis with Section 524 of the Bankruptcy Code, which governs reaffirmation agreements. Section 524(c)(1) provides in relevant part:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any

>     extent enforceable under applicable nonbankruptcy law, whether or
>     not discharge of such debt is waived, only if-
>
>     (1) such agreement was made before the granting of the discharge
>     under section 727, 1141, 1228, or 1328 of this title[.]

11 U.S.C. § 524(c)(1). Because reaffirmation agreements[4] are contrary to the stated goal of a debtor receiving a fresh start, they are subject to intense judicial scrutiny and must comply with all statutory requirements. Further, reaffirmation agreements are strictly construed by the courts. *See, e.g.*, *In re Engles*, 384 B.R. 593, 596 (Bankr. N.D. Okla. 2008); *In re Wilhelm*, 369 B.R. 882, 883 (Bankr. M.D.N.C. 2007); *In re Rigal*, 254 B.R. 145, 147 (Bankr. S.D. Tex. 2000).

*Lease Assumption Agreements*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added a new provision[5] to the Bankruptcy Code to address the assumption of personal property leases. Section 365(p)[6] was added in response to the pre-BAPCPA cases that held that a chapter 7

---

[4] The term reaffirmation agreement is not defined in the Bankruptcy Code. However, the term is used in Rule 4008 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. BANKR. P. 4008. The Seventh Circuit explains the effect of making such an agreement as follows:

> Section 524 of the bankruptcy code enables the debtor in a Chapter 7 proceeding to reaffirm a pre-petition debt that is otherwise dischargeable by agreeing to pay all or part of that debt. 11 U.S.C. § 524(c) . . . If the debt were discharged, the debtor would be relieved of all personal liability, but the creditor would be free to take any collateral securing the debt. Reaffirmation thus permits the debtor who cannot pay off the debt immediately to continue making periodic payments as before and to keep the property for which the debt was incurred (typically something like a car).

*Matter of Turner*, 156 F.3d 713, 714-15 (7th Cir. 1998)(internal citations omitted).

[5] Section 309(b) of BAPCPA provided for the creation of Bankruptcy Code Section 365(p).

[6] Section 365(p) provides:
(p)(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.

(2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

debtor could not assume a personal property lease, and to clarify that the automatic stay terminates upon the rejection of a personal property lease. *In re Farley*, No. 10-76019, 2011 WL 1304458 (Bankr. E.D.N.Y. April 6, 2011); *In re Rogers* 359 B.R. 591, 593 (Bankr. D.S.C. 2007). Section 365(p)(2) provides a consensual, non-judicial procedure for the assumption of a personal property lease by a debtor if the lease has been rejected or not timely assumed by the chapter 7 trustee under Section 365(d). 11 U.S.C. § 365(p). In what some refer to as a "handshake," the debtor must first offer in writing to the lessor [7] to assume the lease obligations, the timing of which is not established by the Bankruptcy Code or Rules.[8] The lessor then must decide whether to accept such offer, the timing of which is also not specified. If the lessor determines that it is willing to allow the debtor to assume the lease, it will then notify the debtor of this decision, and may condition such assumption on cure[9] of any outstanding defaults on terms set by the contract.

---

      (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

      (C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

      (3) In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

11 U.S.C. § 365(p).

   [7] The statute refers to the lessor as the "creditor." 11 U.S.C. § 365(p).

   [8] Rule 6000(a) of the Federal Rule of Bankruptcy Procedure addresses a "proceeding" for the assumption and rejection of executory contracts and unexpired leases, while Rule 6006(c) appears to define a proceeding as a motion. FED. R. BANKR. P. 6000(a), 6006(c). No reference, however, is made to the time for a debtor to notify a creditor of his or her desire to assume a lease either under Section 365(p) or in Rule 6006. Moreover, because Section 521(a)(6) addresses the timing mechanics for reaffirmation or redemption of personal property secured in whole or in part by a security agreement, and because it makes no reference to assumption of personal property leases, the timing mechanics of Section 521(a)(6) are not applicable to Section 365(p)(2)(A). *See* 11 U.S.C. §§ 365(p)(1), 521(a)(6).

   [9] The Bankruptcy Code does not define the term "cure."

Memorandum Opinion-p. 5

Section 365(p) does not provide that the lessor is under any obligation to accept the debtor's offer.

Once the debtor has notified the lessor of its desire to assume the lease under Section 365(p)(2)(A), Section 365(p)(2)(C) provides the lessor with a safe harbor to notify debtor it has accepted the request to assume the lease and to negotiate a cure, without violating either the automatic stay of Section 362 or the discharge injunction under Section 524(a)(2). *See* 11 U.S.C. §§ 362, 365(p)(2), 524(a)(2). The third and final step required by the statute is that a writing between the lessor and the debtor be signed to memorialize the terms of the lease assumption. Neither judicial review nor approval of the lease assumption agreement is required by the Bankruptcy Code or Rules. *See In re Farley*, No. 10-76019, 2011 WL 1304458 (Bankr. E.D.N.Y. April 6, 2011); *see also In re Thompson*, 440 B.R. 130, 132 (Bankr. W.D. Mich. 2010). Section 365(p)(2)(B) also provides that a lease assumed by the chapter 7 debtor is a liability of the debtor and not of the estate.

Under Section 362(h), also added by BAPCPA, if the lease is not timely assumed under Section 365(p)(2), the stay will be automatically terminated and the personal property at issue of either the estate, or of the debtor, shall no longer be property of the bankruptcy estate. *See* 11 U.S.C. § 362(h). However, timeliness for assumption under Section 365(p) is unclear because Section 362(h) refers to Section 521(a)(2), which is addressed not to leased property, but to reaffirmation of debts associated with property of the estate or redemption of property of the estate against which there is a secured claim.

Having discussed the mechanics and effects of reaffirmation agreements and lease assumption agreements, the Court now turns to a comparison of the two.

*Reaffirmation Agreements vs. Lease Assumptions*

This Court has recently addressed reopening a closed case solely to allow the filing of a reaffirmation agreement, *In re Polyner Mardy & Marie D. Joseph*, No. 10-73819, 2011 WL 917545 (Bankr. E.D.N.Y. Mar. 15, 2011) (holding that reopening a closed case to file a reaffirmation agreement is not permitted by the Bankruptcy Code), and reopening a closed case to allow the filing of a personal property lease assumption agreement, *In re Farley*, No. 10-76019, 2011 WL 1304458 (Bankr. E.D.N.Y. April 6, 2011) (holding that a closed case can be reopened to file a lease assumption agreement). These decisions afforded the Court the opportunity to begin to explore the interplay between reaffirmation agreements and lease assumptions. In *Farley*, the Court noted its concerns for whether the Bankruptcy Code provisions dealing with reaffirmation of debt under Section 524 and the assumption of a personal property lease under Section 365(p) may be used interchangeably. The present Reaffirmation Agreement affords this Court an opportunity to more fully explore this issue.

As recently stated by Judge Grossman of this Court: "Reaffirmation of a debt secured by property owned by the debtor under section 524(c) of the Bankruptcy Code is not equivalent to assumption of a lease for personal property owned by a creditor under section 365(p), and each undertaking imposes different steps and confers different rights upon the parties to the respective agreements." *In re Mortensen*, No. 10-75234, —B.R. —, 2011 WL 165846, *1 (Bankr. E.D.N.Y. Jan. 19, 2011). Notably, the Bankruptcy Code includes distinctly separate provisions for reaffirmation agreements and lease assumptions. Specifically, "Section 521(d) provides that if a debtor fails to timely take the actions required by §§ 521(a)(6) (regarding a debt secured by an allowed claim for the purchase price of personalty) or 362(h)(1) or (2) (regarding *inter alia*, the debtor's requirement to file and perform a statement of intention pursuant to section 365(p) with respect to an unexpired lease of personal property) any limitations on ipso facto clauses under the

Bankruptcy Code are not in effect." *Id*. at *3-4 (citing to Advisory Committee Notes to Official Form 8, the Chapter 7 Debtor's Statement of Intent, in 2005 and 2008 as support for the conclusion that Congress intended assumptions and reaffirmations to be independent procedures); *accord Thompson*, 440 B.R. at 132 (stating that inclusion in Section 362(h) of lease assumptions under 365(p) and reaffirmation agreements under Section 524(c) "suggests that assumption and reaffirmation are independent procedures").

To date, several courts have addressed the intersection of the reaffirmation agreement and lease assumption provisions of the Bankruptcy Code and reached varying conclusions. *See, e.g.*, *In re Eader*, 426 B.R. 164, 166-67 (Bankr. D. Md. 2010)(finding *in personam* obligation of debtor arising under the pre-petition lease, even if assumed, does not act to prevent the discharge of the assumed liability of such debt unless a reaffirmation agreement is made in full compliance with Section 524 and Rule 4008); *In re Creighton*, 427 B.R. 24, 29-30 (Bankr. D. Mass. 2007)(determining that pre-petition vehicle leases require both assumption under Section 365(p) and reaffirmation under Section 524); *In re Finch*, No. 06-14016, 2006 WL 3900111 (Bankr. D. Colo. 2006)(denying approval of a stipulation for assumption based upon a determination that the agreement was really a reaffirmation agreement subject to the requirements of Section 524(c)). In contrast, the *Thompson* court determined that a debtor could not have a lessor held in contempt for violating the discharge injunction in attempting to collect a debt based upon a post-discharge lease assumption agreement. The debtor had argued that because the debt had not been reaffirmed under Section 524(c), the creditor could not pursue state court remedies when the debtor breached its obligations post-assumption. The court rejected this argument, determining

that reaffirmation and lease assumption are two independent procedures, and the liability under the lease was assumed by the debtor despite the lack of a reaffirmation of the debt. *In re Thompson*, 440 B.R. at 130.

Judge Grossman's recent decision in *Mortensen* cited favorably to *Thompson* in holding that the right to assume personal property leases is separate and apart from the rights to claim property of the estate as exempt, to redeem the property, or to reaffirm an obligation secured by property of the debtor.[10] *In re Mortensen,* No. 10-75234, 2011 WL 165846 at *3.

This Court agrees. Had Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but has not. Further, had Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under Section 524, it would have said so, but again, has not. Congress clearly intended to provide two separate provisions covering two very different situations, and adopted two very different procedures. The unique timing mechanics of these two Code sections are quite different: Section 524 requires reaffirmation before discharge, but Section 365(p) does not; failure to adhere to the specific timing mechanics for a reaffirmation agreement will result in a

---

[10] In *Mortensen*, the court rejected the *Eader* and *Creighton* analyses:

> Both *Creighton* and *Eader* fail to recognize that assumption of a lease under Section 365(p) binds the debtor to the lease terms and the discharge has no effect on the debtor's assumed obligation. Under the logic of *Eader*, a lessor would have no ability to enforce a lease agreement assumed by the debtor in the event of a subsequent default. This interpretation would render section 365(p) a nullity and would create an absurd result. Congress could not have intended to give the debtor the right to assume a lease, but not be bound by its terms upon assumption. In addition, the rights of a lessor under section 365(p) are vastly different from the rights of a creditor in section 524(c). A lessor under section 365(p) has the right to dictate the terms of cure, and assumption may take place only upon the consent of the lessor.

*In re Mortensen*, No. 10-75234, 2011 WL 16584 at *5(internal citations omitted).

court not being empowered to approve it, while a lease assumption may be filed at any time; although substantial disclosures are required for a reaffirmation agreement under Section 524(k), none is militated under 365(p); the court assumes a gatekeeper role in determining whether to approve a proposed reaffirmation agreement, but has no involvement in review or consideration of a chapter 7 debtor's personal property lease assumption; and, finally, the procedures for entering into a lease assumption, for example, beginning with the handshake, has no similar protocol in Section 524.

Further, allowing or requiring reaffirmation of the debts underlying an assumed personal property lease creates the possibility of an anomalous result where a lease is assumed without court review or approval under Section 365(p), yet reaffirmation of the personal liability for the lease debt is disapproved under Section 524. Congress could not have intended for such an anomaly, particularly considering that Section 365(p)(2)(B) provides that the liability under a lease assumed by the chapter 7 debtor is a liability of the debtor and not of the estate. As noted in *Thompson*, the chapter 7 debtor's post-petition assumption of a pre-petition lease under Section 365(p) creates a post-petition obligation of a debtor. *Thompson*, 440 B.R. at 132. As such, the post-petition obligation is not subject to discharge under Section 727 and is not within the scope of the Section 524(a) discharge injunction and, therefore, is not subject to reaffirmation under Section 524(c).[11]

*Reaffirmation of the Lease is Not Authorized by the Bankruptcy Code*

---

[11] Consideration should also be given in the appropriate circumstances to the assumption of a personal property lease by an individual chapter 11 debtor or a chapter 13 debtor under Section 365(p)(3), and whether such assumption creates a post-petition obligation which can be discharged under Section 1141(d)(1), (5) or Section 1328. This Court need not and does not reach those issues in this memorandum opinion.

As set forth herein, upon filing this case, Debtor filed his Chapter 7 Individual Debtor's Statement of Intention indicating that he intended to assume the Lease with BMW under 11 U.S.C. § 365(p)(2). Thereafter, Debtor filed the Reaffirmation Agreement instead of agreeing to assumption of the Lease under Section 365(p). Why Debtor and/or BMW chose reaffirmation instead of or perhaps prior to lease assumption is a question that could have been answered at the Hearing. However, the failure of any party to attend the Hearing foreclosed the Court from this inquiry. Thus, the Court will examine the Lease without the benefit of input from Debtor or BMW.

To determine the nature of the transaction contemplated in the Reaffirmation Agreement the Court first turns to the Reaffirmation Agreement itself. On page six of the Reaffirmation Agreement, Part B, the brief description of the credit agreement is as follows: "7 payments of $399.00 are due on the 30th of every month starting 12-20-2010, plus any end of lease charges." [dkt item 16] On page nineteen of the Reaffirmation Agreement package is a document[12] entitled: "BMW Financial Services Motor Vehicle Lease Agreement–New York." From this paperwork it appears that Habberstad BMW Inc. is the Lessor and the Debtor is the Lessee. Page seventeen of the Reaffirmation Agreement package is a New York State Department of Motor Vehicles Certificate of Title ("Title"). The owner of the vehicle listed on the Title is: "Financial Services Vehicle Trust" and the Title reflects that there are: "NO LIENS RECORDED." Given this overwhelming evidence and the lack of any contrary evidence, the Court concludes that the subject of the Reaffirmation Agreement is in fact a personal property lease. Because the

---

[12] The Lease annexed to the Reaffirmation Agreement is upside down and largely illegible. However, the Court was able to discern basic information from these documents.

underlying agreement before the Court is a lease, the only relevant Bankruptcy Code provision for Debtor to continue to enjoy the benefits and endure the corresponding obligations arising from use of the BMW is Section 365(p), not Section 524. However, the Debtor and BMW instead chose to pursue reaffirmation under Section 524. Accordingly, reaffirmation of the Lease is denied.

### Conclusion

The form of agreement underlying the Reaffirmation Agreement is a personal property lease. As such, the Lease may not be assumed through the reaffirmation process under Bankruptcy Code Section 524. A personal property lease may only by assumed under Bankruptcy Code Section 365(p). Therefore, based upon the foregoing, approval of the Reaffirmation Agreement is denied. An order consistent herewith shall issue.

**Dated: May 11, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**